UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HERBERT L. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-1292 (CEJ) |
| ) | |
| HELGET GAS PRODUCTS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to remand the action to the Missouri state court from which it was removed. Defendant Helget Gas Products, Inc. (Helget) has filed a response in opposition to the motion.

### I.  **Background**

Plaintiff initiated this action in the state court, asserting claims for discrimination in violation of the Missouri Human Rights Act (MHRA), §§ 213.010 *et seq*., and the Missouri Workers' Compensation Act (WCA), § 287.780. Plaintiff alleges that defendant Helget improperly terminated his employment based on his race and color and in retaliation for filing a workers' compensation claim. Plaintiff also asserts claims against two Helget employees, defendants Steve Blassingame and Jack Mertens.

The defendants removed the case to this court, invoking jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332. Plaintiff is a citizen of Missouri and Helget is a Nebraska corporation with its principal place of business in Nebraska. Individual defendants Mertens and Blassingame are citizens of Missouri.

## II. Legal Standard

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Products Liability Litigation, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

## III. Discussion

Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). In this case, plaintiff and defendants Mertens and Blassingame are citizens of Missouri. In its notice of removal, Helget argues that the citizenship of the individual defendants should be ignored because they had not been served with summons and a copy of the complaint at the time of removal. Helget subsequently filed an amended notice of removal stating that defendants Mertens and Blassingame were fraudulently joined.

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." In re Prempro, 591 F.3d at 620; Witherspoon v. Bayer Healthcare

Pharmaceuticals Inc., 2013 WL 6069009, *2 (E.D. Mo. Nov. 18, 2013). Under the doctrine of fraudulent joinder, a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal. *In re* Genetically Modified Rice Litig., 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). Fraudulent joinder requires a showing that the claim involving the nondiverse party has "no reasonable basis in fact and law." Knudson v. Systs. Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011). Thus, it must be "clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant" and there is no "arguably [] reasonable basis for predicting that the state law might impose liability based upon the facts involved." Witherspoon, 2013 WL 6069009, at *2. When a district court reviews a fraudulent joinder claim, "the court has no responsibility to definitively settle the ambiguous question of state law." Filla v. Norfork Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003).

Defendant Helget contends that plaintiff's MHRA claim against the individual defendants cannot succeed because he failed to name them as respondents in his charge of discrimination. Under the MHRA, individuals may be held liable in their individual capacities. Hill v. Ford Motor Co., 277 S.W.3d 659, 669 (Mo. 2009) (*en banc*). However, a person claiming relief under the MHRA must exhaust administrative remedies by filing an administrative complaint, "which shall state the name and address <u>of the person alleged to have committed</u> the unlawful discriminatory practice." Mo.Rev.Stat. § 213.075(1) (emphasis added). The purpose of these administrative

requirements is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation[.]" Hill, 277 S.W.3d at 669.

Plaintiff acknowledges that he did not name the individual defendants in his charge of discrimination. He asserts that he nonetheless properly exhausted his administrative remedies against them because he identified them in his intake questionnaire. Pl. Ex. 1 [Doc. #12-1]. The MHRA requires an aggrieved person to file a verified complaint in writing, made under penalty of perjury. § 213.075.1; Mo. Code Regs. Ann. tit. 8, § 60-2.025. Plaintiff's unverified intake questionnaire does not satisfy the MHRA's requirements. Franklin v. Union Elec. Co., No. 4:05CV1569-SNL, 2006 WL 1026945, at *2 (E.D. Mo. Apr. 13, 2006). The intake questionnaire does not satisfy plaintiff's obligation to exhaust his remedies with respect to the individual defendants.

Plaintiff next argues that there is a "substantial identity of interest" between the individual defendants and Helget. See Hill, 277 S.W.3d at 669 (purposes of notice and chance to participate in prelitigation conciliation can be satisfied if there is substantial identity of interests). Whether a substantial identity of interest exists requires consideration of the following factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. at 669-70 (citation omitted).

After considering the parties' arguments[1] and applying these factors to the facts of this case, the court concludes that plaintiff cannot establish identity of interest between the individual defendants and Helget for the purposes of the MHRA's exhaustion requirement. First, plaintiff's intake questionnaire demonstrates that he had notice of the role Mertens and Blassingame played in the alleged discrimination when he filed his charge. [Doc. #12-1]. As to the second factor, nothing in the record indicates that the interests of Helget and the individual defendants are so similar that it would be unnecessary to include them in the administrative proceedings. See Warren v. Dr. Pepper/Seven Up Mfg. Co., 413CV00526 ERW, 2013 WL 4507846, at *4 (E.D. Mo. Aug. 23, 2013) (given "the vast difference in economic positions" between the corporate and individual defendants, the individual defendants "clearly have a greater incentive to initiate conciliatory proceedings or voluntarily correct any allegedly illegal behavior"). Because there is no evidence that the individual defendants suffered actual prejudice, the third factor is neutral. However, there is also no evidence that Mertens and Blassingame told plaintiff that they were to be dealt with solely through Helget. Plaintiff has failed to establish that there was an identity of interests such that naming Helget in the administrative charge satisfied the exhaustion requirement with respect to the individual defendants. Plaintiff has failed to state a colorable claim for relief against Mertens and Blassingame under the MHRA.

Plaintiff argues for the first time in his reply that removal is barred by the inclusion of Mertens and Blassingame in his claim under the Workers' Compensation Act. Under the WCA an "employer" is someone using the "service of another for pay"

---

[1]Plaintiff cites Hill and identifies the "substantial identity" test, but fails to identify the factors or apply them to the facts of this case.

and having five or more employees. § 287.010. The Missouri courts have held that a fellow employee cannot be an "employer" under the Act, because a "co-employee would not fall within this statutory definition of an employer as a person . . . using the service of another for pay and hav[ing] five or more employees." Wyman v. Missouri Dep't of Mental Health, 376 S.W.3d 16, 25 (Mo. Ct. App. 2012) (alteration in original, citations and internal quotations omitted). Thus, plaintiff fails to state a colorable claim against the individual defendants under the WCA.

\* \* \* \*

For the foregoing reasons, the court finds that the individual defendants were fraudulently joined. It is unnecessary to address defendant's alternative argument that removal was proper because the nondiverse defendants had not been served with summons and a copy of the complaint at the time of removal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #9] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2014.