UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HERBERT L. MOORE,                        )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )      No. 4:14-CV-1292 (CEJ)
                                         )
HELGET GAS PRODUCTS, INC.,               )
et al.,                                  )
                                         )
              Defendants.                )


## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion for partial summary judgment. Plaintiff has filed a response in opposition and the issues are fully briefed. [1]

Plaintiff Herbert L. Moore brings this action under the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. §§ 213.110 *et seq*. (Count I) and the Missouri's Workers' Compensation Act (WCA), § 287.780 (Count II), claiming that he was discharged from his employment because of his race and color and in retaliation for filing a workers' compensation claim. The defendants are his former employer Helget Gas Products, Inc. and managers Steve Blassingame and Jack Mertens.

## I.    Background

Plaintiff began working for Helget as a customer service route driver on March 27, 2013. In July 2013, he sustained a work-related injury to his back. In

_____

[1]In support of its motion for partial summary judgment, defendant has submitted a copy of the administrative agency's file. Exhibit A. Plaintiff objects Exhibit A on grounds of hearsay and lack of authentication. [Doc. #29 at p. 3, ¶ 8]. Elsewhere, plaintiff cites Exhibit A in support of his opposition. [Id. at p. 10, ¶¶ 14-20]. Plaintiff cannot simultaneously rely on and object to documents in the agency file.

October 2013, plaintiff injured his finger at work. He filed worker's compensation claims after each injury.

Plaintiff alleges that in September or October 2013, heard defendant Mertens use the "N word" and make a derogatory comment about African-American employees in a conversation with defendant Blassingame. Plaintiff states that he complained to Blassingame who refused to do anything and told plaintiff to "leave it alone." [Doc. #1 at ¶21]. Plaintiff was terminated on December 4, 2013.

On December 6, 2013, plaintiff filled out an intake questionnaire provided by the Equal Employment Opportunity Commission (EEOC). On January 14, 2014, the EEOC notified Helget that a charge of discrimination had been filed against it, but that it was not required to take action at that time. The notice stated that "[a]perfected charge (EEOC Form 5)" would be mailed to Helget once it was received from plaintiff. [Doc. # 16-1, p. 13].

On February 4, 2014, EEOC investigator Damian Rodriguez conducted a phone interview with plaintiff. Id. at 46-49. Mr. Rodriguez's notes state that plaintiff wanted to withdraw the charge[2] and, following the interview, Mr. Rodriguez mailed plaintiff a form titled "Request for Withdrawal of Charge of Discrimination." Id. at 50-51. In the accompanying cover letter, he informed plaintiff that it was illegal for anyone to coerce or force someone into withdrawing a charge of discrimination, and asked him to complete and return the form if he still wished to withdraw his charge. On February 5, 2014, plaintiff completed the form, stating that he wished to withdraw the charge because:

_____

[2]Mr. Rodriguez also counseled plaintiff that, in order to protect his rights under the state law, he was required to file a charge of discrimination within 180 days of the alleged violation.

> Based on he say she say, not enough evidence based on information that was stated by Herbert L. Moore, so therefor, upon this letter and discussion that Herbert Moore had with Damian Rodriguez on Tuesday, Feb. 4, 2014, I as of this date and day Feb. 5, 2014, Wednesday . . . withdraw my complaint against Helget Gas Products.

Id. at 11. Plaintiff's request to withdraw was approved on February 10, 2014. Id. On February 13, 2014, the EEOC notified plaintiff and Helget that the charge had been withdrawn. Id. at 9-10. On March 4, 2014, the Missouri Commission on Human Rights (MCHR) issued plaintiff a notice of right to sue. [Doc. #6-4]. Plaintiff initiated this action on May 30, 2014.

Defendant Helget removed the action to this court, invoking jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. In its notice of removal, Helget asserted that Mertens and Blassingame had been fraudulently joined. Plaintiff filed a motion to remand which, after full briefing by the parties, was denied. [Doc. # 25].

## II. **Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp.,

475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III.   Discussion

#### A.   Defendants Mertens and Blassingame

In denying the motion to remand, the court agreed that Mertens and Blassingame had been fraudulently joined.  The court found that plaintiff's MHRA claims against the individual defendants failed because he did not name them in his charge of discrimination as required by the MHRA. [Doc. # 25, pp. 3-6].  Plaintiff does not challenge that determination.  Therefore, summary judgment will be granted in favor of these defendants on plaintiff's MHRA claim.

The court also found that Mertens and Blassingame were not employers within the meaning of the WCA, citing Wyman v. Missouri Dep't of Mental Health, 376 S.W.3d 16, 25 (Mo. Ct. App. 2012) (fellow employee cannot be an "employer" under the Act, because a "co-employee would not fall within this statutory definition of an employer as a person . . . using the service of another for pay and hav[ing] five or more employees"). Plaintiff acknowledges the holding in Wyman, but asserts that "'an Erie-educated guess' would indicate that the Missouri Supreme Court

would include supervisor liability based upon the expansive definition of 'employer' in the Missouri Workers Compensation Act." In support of this argument, plaintiff points to the WCA definition of "employer" as "[e]very person . . . using the service of another for pay." Mo.Rev.Stat. § 287.030.1. Under plaintiff's reading of this definition, Mertens and Blassingame were his employer. Plaintiff's argument rests on an unreasonable interpretation of the statute. Plaintiff was paid by Helget, not by Mertens and Blassingame, and Helget was his employer for the purposes of the WCA. Accordingly, defendants Mertens and Blassingame are entitled to summary judgment on plaintiff's WCA claim.

### B.   Defendant Helget

Defendant Helget argues that plaintiff's MHRA claim fails as a matter of law because he did not file a proper charge of discrimination with the EEOC or MCHR.

The Missouri Human Rights Act requires an aggrieved party to file a verified charge of discrimination in order to initiate administrative proceedings. Mo.Rev.Stat. § 213.075.1 provides:

> Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the [MCHR] **a verified complaint** in writing, within one hundred eighty days of the alleged act of discrimination, which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the [MCHR].

(emphasis added). See also Mo. Code Regs. Ann. tit. 8, § 60-2.025 ("Every complaint shall be in writing, signed and verified by being sworn to before a notary public . . . or by being supported by an affirmation or declaration in writing under penalty of perjury.") Plaintiff here submitted an unverified intake questionnaire,

which is not sufficient to meet the requirement of a verified charge.  See Hill v. St. Louis Univ., 920 F. Supp 124, 127 (E.D. Mo. 1996).

Plaintiff argues that his failure to file a verified charge does not prevent him from maintaining this action against Helget.  He relies on Farrow v. St. Francis Med. Ctr., 407 S.W.3d 579 (Mo. 2013) (*en banc*), to support his argument.  In Farrow, the Missouri Supreme Court rejected an argument that a plaintiff's failure to file a charge of discrimination within the 180-day time limit imposed by § 213.075.1 created a jurisdictional barrier to a subsequent court action. Id. at 591. The court noted that the statutory prerequisites to filing suit were that: (1) an employee file a charge with the MCHR prior to filing a state court action; (2) the MCHR issue a right to sue letter; and (3) the state court action be filed within ninety days of the issuance of the right to sue letter but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party. Id. (citing § 213.111[3]).  The statute did not specify that the complaint to the MCHR had to be timely in order for a right-to-sue letter to issue and the court declined to read that requirement into the statute.

The Farrow court also stated:

---

[3]Section 213.111 states:

> If, after one hundred eighty days from the filing of a complaint . . ., the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint. . . . Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.

> [T]he Commission was required to determine its own jurisdiction even if it did not make a decision on the merits of Farrow's claim. Had the Commission determined Farrow's claim was untimely, it would lack the authority to issue the right to sue letter. The Commission's only option would be to close the complaint for lack of jurisdiction or the absence of any remedy. The Commission did not close or dismiss Farrow's complaint for want of jurisdiction; rather, it exercised its authority to issue the right to sue letter, thus implicitly finding Farrow's claim was timely.

Id. at 589.

Plaintiff relies on this language in Farrow to argue that his claim can proceed, even though he did not file a verified charge of discrimination, because the MCHR issued a right-to-sue notice to him. Plaintiff's reliance is misplaced. Defendant is not claiming that the MCHR or this court lacks jurisdiction to hear plaintiff's claim. Rather, it asserts that plaintiff failed to satisfy a statutory prerequisite to filing suit. Pursuant to Farrow and § 213.111, an employee must file an administrative charge as a prerequisite to filing suit. Id. at 591; see also Alhalabi v. Missouri Dep't of Natural Res., 300 S.W.3d 518, 524 (Mo. Ct. App. 2009) ("Before initiating a civil action under the MHRA, a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter.")

Plaintiff argues that § 213.111 requires only that a complainant file a "charge," and that there is no statutory requirement for a "verified" charge. However, plaintiff never filed a charge of any kind. Plaintiff argues that the intake questionnaire satisfies the requirement of a "charge." Assuming for the sake of argument that plaintiff is correct, he still cannot prevail because he withdrew that "charge." As a consequence, Helget was denied the opportunity to engage in conciliation, one of the principal reasons for the administrative process. See

<u>Waldermeyer v. ITT Consumer Financial Corp.</u>, 767 F. Supp. 989, 993 (E.D. Mo. 1997) (purpose of administrative proceedings is to notify the charged party of the alleged violation and to secure voluntary compliance with the law). The court concludes that Helget is entitled to judgment as a matter of law with respect to on Count I of the complaint.

* * * * *

For the reasons discussed above,

**IT IS HEREBY ORDERED** that defendants' motion for partial summary judgment [Doc. #15] is **granted.**

A judgment in accordance with this memorandum and order will be entered at the conclusion of the case.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2015.